IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Antonyo A. Martin, Sr., | ) | C/A No. 0:19-59-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| Correctional Officer John Doe, Correctional | ) | |
| Officer Richard Roe, Inmate John Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Antonyo A. Martin, Sr., who is represented by counsel, filed an action in state court seeking relief under the South Carolina Tort Claims Act and 42 U.S.C. § 1983 based on the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 4.) Plaintiff filed a response in opposition to the motion (ECF No. 6), and the defendants filed a reply (ECF No. 7). Having reviewed the record presented and the applicable law, the court finds dismissal should be granted as to the three unidentified defendants.

**BACKGROUND**

On August 31, 2018, Plaintiff filed an action in the Richland County Court of Common Pleas alleging causes of action against the following defendants: the South Carolina Department of Corrections ("SCDC"), Correctional Officer John Doe, Correctional Officer Richard Roe, and Inmate John Doe. (ECF No. 1-1.) Plaintiff's Complaint stems from an incident on September 12,

2016. (ECF No. 1-1 at 3.) The following allegations regarding that incident are taken as true for purposes of resolving the defendants' motion to dismiss. Plaintiff is physically handicapped with left side paralysis. (ECF No. 1-1 at 3.) He has limited use of his hand and walks with a significant limp. (Id.) In September 2016, he was housed as an inmate within SCDC. (Id.) On September 12, 2016, Plaintiff was aboard a transport bus in order for him to be moved from Ridgeland Correctional Institution to the Broad River Road complex for a medical procedure. (Id.) Plaintiff was shackled for purposes of the transport. (Id.) Defendant Inmate Doe boarded the bus at Allendale Correctional Institution. (Id.) Plaintiff knew of Defendant Inmate Doe because Defendant Inmate Doe had formerly been housed at Ridgeland Correctional Institution but had been transferred after being involved in an altercation with other inmates. (Id.) Plaintiff was attacked by Defendant Inmate Doe while the bus was parked at Allendale Correctional Institution. (Id.) Defendant Inmate Doe head-butted Plaintiff and then knocked him to the floor of the bus. (Id.) Plaintiff was significantly injured in the incident. (ECF No. 1-1 at 4.) His right eye was split open, an injury that required eight stitches and that resulted in a permanent scar. (ECF No. 1-1 at 3-4.) He also continues to endure pain and suffering and mental anguish as a result of the incident. (ECF No. 1-1 at 4.)

Defendant Correctional Officers Doe and Roe were the driver and passenger of the transport bus, respectively, but they were not present at the time of the above-described incident. (ECF No. 1-1 at 3.) By leaving inmates alone on the bus, the officers violated SCDC policies and procedures. (Id.)

Defendant SCDC was served with the summons and Complaint on December 11, 2018. (ECF No. 1 at 1.) Thereafter, on January 8, 2019, Defendant SCDC removed the action to this court. (ECF No. 1.) None of the other defendants had been served at that time, nor is there any information



that those defendants have been served as of the date of this report. Defendants SCDC, Correctional Officer Doe, and Correctional Officer Roe move for dismissal of the claims against them pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(6).

## DISCUSSION

**A.     Rule 4(m) Standard**

Although a civil action is commenced by filing a complaint with the court, the Federal Rules of Civil Procedure require that service on the defendants be effected within 90 days after the complaint is filed. See Fed. R. Civ. P. 3, 4(m). If a defendant is not served within the requisite time period, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id.

**B.     Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents

attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

C.    **Defendants' Motion to Dismiss**

   1.    **Failure to Serve Correctional Officers Doe and Roe**

In the motion to dismiss, Defendants note that Plaintiff filed his action on August 31, 2018, and served a copy of the summons and complaint on Defendant SCDC on December 11, 2018. (See ECF No. 1-1.) However, as of January 9, 2019, the day Defendants filed their motion to dismiss, Plaintiff had yet to serve Defendant Correctional Officers Doe and Roe. (ECF No. 4.) Defendants argue that since 90 days have passed since Plaintiff filed his case, the unidentified and unserved defendants should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). In response, Plaintiff "concedes that the unknown correctional officers have not been served with the Summons and Complaint and that additional information is needed in discovery in order to properly identify the Correctional Officers (and the Defendant inmate)." (ECF No. 6 at 1.)

As an initial matter, 28 U.S.C. § 1448 provides that "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process . . ., such process or service may be completed . . . in the same manner as in cases originally filed in such district court." Federal courts have interpreted this statute to allow a plaintiff the entire time for service as calculated from the date of removal, rather than from the date the complaint was filed in state court. See Medlen v. Estate of Meyers, 273 F. App'x 464, 470 (6th Cir. 2008) ("This Rule has been interpreted to give plaintiffs in removed cases 120 days after the



date of removal to complete service." (citations omitted)); Hearn v. Lancaster Cnty., C/A No. 9:11-1074-MBS-BM, 2011 WL 3296200, at *2 (D.S.C. July 7, 2011) ("[O]nce the case was removed to federal court on May 4, 2011, Plaintiff's 120 day period for effecting service of process on the Defendants began anew.").[1] Thus, in order to comply with the Rules, Plaintiff was required to serve all defendants on or before Monday, April 8, 2019. There is no information before the court that Plaintiff has done so.

Assuming that this case presents the situation where various defendants have not been timely served even after the clock for service of process restarted upon removal, Rule 4(m) provides alternatives to dismissal without prejudice of the unserved defendants. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The Advisory Committee notes that Rule 4(m) authorizes the court to relieve a plaintiff from the consequences of an application of this subsection even if there is no good cause shown. See Fed. R. Civ. P. 4 advisory committee's note; see also Henderson v. United States, 517 U.S. 654, 662-63 (1996) (containing dictum by Justice Ginsburg citing to the Advisory Committee Note); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1354 (3d ed. 2018) ("[T]he court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow the plaintiff another opportunity to serve the defendant.").

---

[1] Although 4(m) previously allowed 120 days for service, it has since been amended to allow 90 days for service. See Fed. R. Civ. P. 4(m).



Nonetheless, despite the conclusions of Justice Ginsburg, the Advisory Committee, and respected commentators Wright and Miller, the Fourth Circuit rejects the notion that a district court has discretion to extend the time to serve even without a showing of good cause.  In Mendez v. Elliott, 45 F.3d 75, 79 (4th Cir. 1995), the United States Court of Appeals for the Fourth Circuit held that a case *must* be dismissed when the plaintiff fails to effect service within the designated time period absent a showing of good cause.  Although Mendez was decided before the opinion in Henderson containing Justice Ginsburg's dictum regarding a district court's discretion on this point, district courts within the Fourth Circuit have found that Mendez was not overruled by Henderson and remains controlling on this issue.  See, e.g., Burns & Russell Co. of Baltimore v. Oldcastle, Inc., 166 F. Supp. 2d 432, 439 n.7 (D. Md. 2001) (noting that "the Fourth Circuit's continued demand that plaintiffs demonstrate 'good cause' has been widely criticized; nevertheless, district courts in this Circuit are bound by Mendez"); Vander Linden v. Wilbanks, 128 F. Supp. 2d 900 (D.S.C. 2000) (Norton, C.J.) (noting that while some unpublished Fourth Circuit decisions cast doubt on Mendez, there was no published Fourth Circuit decision repudiating it); Graham v. Office Depot, Inc., C/A No. 4:04-23361-TLW, 2007 WL 2891478 (D.S.C. Sept. 28, 2007) (Wooten, J.) (finding that the court was constrained by the holding of Mendez and encouraging the plaintiff to "pursue persuading the Fourth Circuit to review its holding in Mendez"); but cf. Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 793-94 (4th Cir. 2010) ("[T]he district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve.") (citing Henderson, 517 U.S. at 662-63); Giacomo-Tano v. Levine, No. 98-2060, 1999 WL 976481, at *1 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.") (citing Henderson, 517 U.S. at 663).

PJG

Notably, the Fourth Circuit decided <u>Mendez</u> not long after an amendment to the Federal Rules of Civil Procedure in which the previous rule outlining service requirements, Rule 4(j), was changed and renumbered as Rule 4(m). Rule 4(j) had stated:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1988). When <u>Mendez</u> was decided, Rule 4(m) had recently been amended to provide:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (1993). But in <u>Mendez</u>, the Fourth Circuit found that the amendment had not changed the substance of the rule. <u>Mendez</u>, 45 F.3d at 78 ("Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m) . . . ."). As outlined above, many courts and commentators disagree with that interpretation.

In 2015, Rule 4(m) was amended again, and it now provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2018). The Advisory Committee notes from the 2015 amendment do not expressly state that the changes are stylistic and not substantive, except for shortening the time limit

for service. However, the notes indicate that "[s]hortening the presumptive time for service will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis action." Fed. R. Civ. P. 4 advisory committee's note.

Following the 2015 amendment to Rule 4(m), some "district courts in this Circuit have determined that 'Mendez is no longer the controlling authority in the Fourth Circuit because, contrary to former Rule 4(j), Rule 4(m) no longer requires a court to dismiss a complaint absent a showing of good cause.' " Escalante v. Tobar Constr., Inc., Civil Action No. 8:18-cv-00980-PX, 2019 WL 109369, at *4 (D. Md. Jan. 3, 2019) (quoting Robertson v. Beacon Sales Acquisition, No. GJH-16-3241, 2018 WL 2464455, at *3 n.7 (D. Md. May 31, 2018)); see also Whetstone v. Mayor & City Council of Baltimore City, 2019 WL 1200555, at *7 (D.Md. Mar. 13, 2019) ("I have previously concluded in other cases that a plaintiff must show good cause to warrant an extension of the Rule 4(m) deadline. Nevertheless, I now reconsider this conclusion in light of [Escalante], and conclude that it is within the Court's discretion to extend plaintiff's time to serve under Rule 4(m).") (internal citations omitted); Robinson v. GDC, Inc., 193 F. Supp. 3d 577, 582 (E.D.Va. 2016) ("[W]hether Mendez remains good law in the Fourth Circuit is a debate that has raged since well before the 2015 Amendment to Rule 4(m). But at long last, with the promulgation of the 2015 Amendment to Rule 4(m), the matter can be laid to rest: Mendez is no longer controlling authority in this circuit.") (internal citations omitted).

Based on a comparison of the pre-amendment language to that of the current version of Rule 4(m), this court disagrees that the 2015 amendment (as opposed to the 1993 amendment) substantively altered the Rule's application with regard to extensions for good cause. The 2015



amendment shortened the time to effect service from 120 to 90 days, but the other changes to the text appear to be stylistic.  The language allowing the court to direct *sua sponte* that service be made within a specified time appears substantively the same as the 1993 version addressed in Mendez.

Thus, while this court agrees with the reasoning of the district courts questioning the soundness of Mendez, absent a controlling holding by the United States Supreme Court it is nonetheless constrained to follow the precedent of this circuit until the Fourth Circuit overturns it. See, e.g., United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court.") (internal quotation and citation omitted).  Consequently, the court cannot avail itself the option that appears to be offered by Rule 4(m)—that is, directing Plaintiff to effect service by a certain time—unless good cause is shown for the failure to timely serve all defendants.

Courts are divided as to the meaning of "good cause" for failure to timely serve process. Good cause may be, but is not automatically, found when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, the defendant has evaded service of the process or engaged in misleading conduct, or the plaintiff is proceeding *pro se* or *in forma pauperis*.  4B Wright & Miller, supra, § 1137.  In determining whether good cause has been shown, courts have also considered whether the plaintiff diligently attempted to effect service and pursue his rights.  See id.; Anderson v. City of Rock Hill, C/A No. 0:04-22892-CMC-BM, 2005 WL 3968035, at *2 (stating that the failure of the plaintiff to timely accomplish in four months what he ultimately accomplished in one day, albeit post-deadline, militated against a finding of good cause). However, courts have held that mere inadvertence, ignorance of the federal rules, and attorney



neglect do not constitute good cause. See, e.g., Vincent v. Reynolds Mem. Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W.Va. 1992) (cited in Parker v. Magna Inntertech Spartanburg, Civil Action No. 6:09-773-HFF-WMC, 2009 WL 5178014 (D.S.C. 2009) (Floyd, J.)).

The information provided to the court at this stage includes no evidence upon which the court could base a finding of good cause. For example, there is no affidavit outlining what measures Plaintiff has taken to determine the identities of the unserved defendants and to timely serve them. Plaintiff indicates only "that additional information is needed in discovery in order to properly identify the Correctional Officers (and the Defendant inmate)." (ECF No. 6 at 1.) He does not, however, provide any information about whether he requested such discovery within the prescribed time for service or why he was unable to do so.

Accordingly, the court recommends dismissal of Defendant Correctional Officers Doe and Roe, as well as dismissal of Defendant Inmate Doe, pursuant to Federal Rule of Civil Procedure 4(m) and the above-discussed case law.

### 2.     Failure to State a Claim Against SCDC

In the motion to dismiss, Defendants argue that Plaintiff has failed to sufficiently allege a state tort law claim against SCDC. First, Defendants contend that Plaintiff has failed to allege "that SCDC had any knowledge or notice that Inmate Doe would harm Plaintiff." (ECF No. 4 at 8.) Thus, according to Defendant, Plaintiff has failed to show a duty of care under the facts alleged. Second, Defendants contend that Plaintiff has failed to adequately allege proximate cause. Specifically, Defendants assert that "[t]here are no allegations showing that it would have been foreseeable to Defendant SCDC that Plaintiff would be attacked by the other inmate upon the inmate's boarding of the bus." (ECF No. 4 at 9.)



In his response, Plaintiff restates the basic factual allegations as set forth in his Complaint and further submits that he has set forth facts sufficient to state a claim.

Defendants' arguments are directed to what Plaintiff must show in order to succeed on his claims. However, the allegations set forth in the Complaint are sufficient to meet the federal pleading standards. See Robertson v. Sea Pines Real Estate Co., Inc., 679 F.3d 278, 291 (4th Cir. 2012) ("The requirement of nonconclusory factual detail at the pleading stage is tempered by the recognition that a plaintiff may only have so much information at his disposal at the outset. A 'complaint need not "make a case" against a defendant or "*forecast evidence* sufficient to *prove* an element" of the claim. It need only "*allege facts* sufficient to *state* elements" of the claim.' ") (quoting Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005)). If proven true, the facts as alleged in Plaintiff's Complaint plausibly show that Plaintiff is entitled to relief on his claim against SCDC. As such, the court recommends denying the motion to dismiss the claim against SCDC.

**3.      Whether to Exercise Jurisdiction**

If the unserved defendants are dismissed from this action, then the only remaining claim would be the state law claim against SCDC for an alleged violation of the Tort Claims Act of South Carolina. At this early stage of the case, without a federal claim, the court should decline to exercise supplemental jurisdiction and remand to state court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the



federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (internal citations omitted).

## RECOMMENDATION

The court recommends dismissing without prejudice the following defendants: Correctional Officer John Doe, Correctional Officer Richard Roe, Inmate John Doe. If those parties are dismissed without prejudice, then the court recommends declining to exercise jurisdiction over the remaining state law claim and remanding this case to state court. Should that recommendation be accepted, the consent motion by the parties to stay the deadlines of this case should be deemed moot.[2]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 23, 2019
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Should Plaintiff show good cause for his failure to timely serve all defendants, the time for service should be extended, and Defendants' motion to dismiss should be denied. In that event, the consent motion to stay deadlines should also be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).